RYDER, Judge.
Appellant was tried and convicted of the separate offenses of escape and resisting arrest without violence. He contends his sentence was improper inasmuch as it was a general sentence covering both offenses and because it was in excess of the statutory maximum allowed for resisting arrest without violence. We agree.
Subsequent to being adjudicated guilty of escape and resisting arrest without violence, the trial judge pronounced a general sentence, without specificity, that the appellant would be placed on five years probation with the special condition that he reside in the county jail or stockade for a period of one year.
The crime, escape, is classified as a second degree felony punishable by up to fifteen years imprisonment,[1] while resisting arrest without violence is a first degree misdemeanor carrying a one-year maximum sentence.[2] Clearly, placing appellant on probation for five years exceeds the statutory maximum in the misdemeanor conviction.
The Florida Supreme Court held in Dorfman v. State, 351 So.2d 954 (Fla.1977), that general sentences are no longer proper and may not be imposed by any trial court. Dorfman controls here. The trial judge imposed a general sentence in violation thereof and therefore we reverse, set aside the sentence imposed and remand the matter to the trial court with instructions to resentence appellant, imposing a single sentence as to each crime. Appellant will be present at the time of sentencing.
*357 REVERSED and REMANDED with instructions.
SCHEB, C. J., and DANAHY, J., concur.

. § 944.40, Fla.Stat. (1979).

. § 843.02, Fla.Stat. (1979).